NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| | : | |
| | : | |
| IN RE MERCEDES-BENZ ANTI-TRUST | : | **OPINION** |
| LITIGATION | : | |
| | : | Master No. 99-4311 (WHW) |
| | : | |
| | : | |

**Walls, District Judge**

This Opinion addresses objections by defendants Mercedes-Benz Manhattan, Inc. ("MBM"), Continental Motors, Inc., Country Imported Car Corp., Friendly Country, Inc., Helms Brothers, Inc., Pepe Motors, Corp., Princeton Motorsport, Inc., Sovereign Motor Cars Ltd., and Watson Enterprises Incorporated, ("objecting defendants") to the Special Master's recommendations dated March 3, 2005 and March 8, 2005.

On March 3, 2005, the Special Master issued a recommendation regarding the objecting defendants' application for sanctions for plaintiffs' failure to adequately respond to certain interrogatories. MBM had requested an order designating certain facts as established for the purpose of the action. The Special Master recommended that with the exception of newly discovered evidence, plaintiffs "should be barred from introducing evidence not referred to or alluded to in their interrogatory answers." (March 3, 2005 Rec.) In deciding to impose a sanction, not the one requested by the objecting defendants, the Special Master reasoned as follows:

> Contention interrogatories in a complex case can be difficult. The nature of the claims herein create limits on what can be reasonably expected. A conspiracy is alleged. Conspirators however, usually do not reduce their agreements to writing or maintain precise records of when they met, what they agreed upon, or other such details. Simply stated, plaintiffs cannot be reasonably expected to come

**NOT FOR PUBLICATION**

> forward with the kind of precise details defendants seek. Presumably, plaintiffs' experts will be attempting to supply, through their analysis, further proof of a consummated conspiracy.
>
> Plaintiffs' answers seem to me to describe in reasonable detail their factual contentions. As all parties note, dispositive motions are scheduled for later this year. The sufficiency of plaintiffs' factual contentions, such as they are, will be evaluated by the Court.
>
> I am concerned about trial by ambush. A party should not be permitted to hold back information, evidence or contentions when appropriate interrogatories have been propounded. The time to seasonably amend interrogatory answers has passed, except for newly unearthed or produced information such as the outstanding depositions and expert reports.

(March 3, 2005 Rec.) The Special Master recognized that his solution would be difficult to enforce, but explained his desire to prevent plaintiffs from introducing detailed information without severely limiting the proofs plaintiff could submit.

In a supplemental recommendation dated March 8, 2005, the Special Master reiterated his denial of the requested sanctions and expounded on his concerns:

> By facsimile dated March 3, 2005, I denied applications for sanctions related to plaintiffs' answers to interrogatories. I expressed concern, however, that defendants not be ambushed by evidence demonstrating price fixing that has not been reasonably referred to or alluded to in plaintiffs' interrogatory answers. My concern is that defendants not be confronted with the so-called "smoking gun" - a document not previously disclosed that provides clear, specific evidence of price fixing. As I see it, plaintiffs' case, as disclosed, consists of an effort to prove price fixing by reference to a variety of facts that, when linked together, provide reasonable support for the conclusion that price fixing occurred. Plaintiffs' interrogatory answers refer to and allude to the categories of such evidence.
>
> The limitations or concerns set forth in my Recommendation are intended to inure to the benefit of all defendants, not just the defendants who brought the sanction applications.

(March 8, 2005 Rec.)

**NOT FOR PUBLICATION**

As to the interrogatories at issue, the objecting defendants had previously made a motion to compel plaintiffs to provide fuller and more responsive answers. By recommendation dated November 18, 2004, the Special Master found that plaintiffs had not answered the interrogatories and said that "if they have the specific information sought, they must provide it. If they do not have it, they should so state." (Nov. 18, 2004 Rec.) Plaintiffs reacted to this recommendation by submitting revised supplemental objections and responses to the interrogatories. Those responses are what triggered the objecting defendants' request to the Special Master for discovery sanctions.

The objecting defendants claim that the Special Master's recommendation exposes them to a substantial risk that plaintiffs will be permitted to "sandbag" them at the summary judgment stage with facts not previously disclosed or to adduce previously withheld facts at trial. They maintain that the Special Master erred to the extent he found that plaintiffs' answers to the interrogatories were adequate. The objecting defendants also express their confusion as to whether the Special Master denied or granted their request for sanctions and seek clarification on that point.

As to whether the Special Master granted or denied the objecting defendants' request for sanctions, it appears that he denied their application to the extent he refused to award all the relief requested, but he did recommend that one form of sanction be imposed on plaintiffs. As the Court sees it, the Special Master fashioned his own remedy for the situation that was not as severe as the sanction the objecting defendants sought to impose.

**NOT FOR PUBLICATION**

Fed. R. Civ. P. 37(d) governs sanctions for failing to serve answers to interrogatories.

Rule 37(d) provides in relevant part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2) lists certain sanctions that may be imposed including:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . .

The use of the term "may" rather than "shall" in Rule 37 indicates that courts are given discretion in deciding whether to impose discovery sanctions and what sanction is appropriate. It is clear to the Court that regardless of whether the Special Master found plaintiffs' answers to the interrogatories to be adequate or not (a matter left to the Court), the Special Master did feel that some type of sanction was appropriate under the circumstances. The Special Master's recommendation indicates that he attempted to strike a balance between competing concerns by recommending that plaintiffs be barred from introducing "evidence not referred to or alluded to in their interrogatory answers." (March 3, 2005 Rec.) While the Court agrees with the Special Master that this solution may be difficult in practice, this remedy is a reasonable solution to the issue.

**NOT FOR PUBLICATION**

The objecting defendants raise an additional concern that plaintiffs may be failing to review materials produced in discovery such that they may have information relevant to the interrogatories that was not included in their answers. The Court reminds plaintiffs, as the Special Master said, they may only amend their interrogatory answers with "newly discovered evidence," and that plaintiffs should heed the discovery rules that impose on them a *duty* to seasonably amend. The Court will not look favorably on last minute disclosures of evidence because of plaintiffs' failure to diligently review materials in their possession. To that end, to prevent a trial by ambush, any amendment to plaintiffs' answers must be made not later than 120 days before the scheduled trial date, April 17, 2006.

For these reasons, the objections to the recommendations dated March 3, 2005 and March 8, 2005 are overruled.

**s/William H. Walls**
United States District Judge

**NOT FOR PUBLICATION**

**Appearances**

James J. Shrager, Esq.
Norris, McLaughlin & Marcus, P.A.
721 Route 202-206
P.O. Box 1018
Somerville, NJ 08876-1018

James Moss, Esq.
Stacy Kellner Rosenberg, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016

Steven M. Edwards, Esq.
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, NY 10022

James Serota, Esq.
Ian Marx
Harry Rimm, Esq.
Greenberg Traurig, LLP
200 Park Avenue, 15th Floor
New York, NY 10166

Lisa J. Rodriguez, Esq.
Rodriguez & Richards, LLC
3 Kings Highway West
Haddonfield, NJ 08033

Michael S. Waters, Esq.
Stephen Payerle, Esq.
Carpenter, Bennett & Morrissey
3 Gateway Center
100 Mulberry Street
Newark, NJ 07102-4082

J. Michael Cooper, Esq.
Bryan Cave LLP
700 Thirteenth Street, N.W.
Washington, D.C. 20005-3960

**NOT FOR PUBLICATION**

Charles Newman, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

Paul T. Gallagher, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W., Suite 500
Washington, D.C. 20005

Anthony J. Bolognese, Esq.
Bolognese & Assocs., L.L.C.
One Penn Center, Suite 650
1617 JFK Boulevard
Philadelphia, PA 19103

Eugene Spector, Esq.
Jeffrey Corrigan, Esq.
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Law Office of Andrew B. Spark
Center Pointe
2033 Main Street, Ste. 106
Sarasota, FL 34237

John H. Eickemeyer, Esq.
Vedder, Price, Kaufman & Kammholz
805 Third Avenue
New York, NY 10022-2203

Andrew P. Napolitano, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022

Jeffrey Heilman, Esq.
Zeisler & Zeisler
558 Clinton Avenue
P.O. Box 3186

**NOT FOR PUBLICATION**

Bridgeport, CT 06605-0186

Robert J. Burzichelli, Esq.
Theodore C. Richman, Esq.
Soloman Richman Greenberg P.C.
3000 Marcus Avenue
Lake Success, NY 11402

Eric L. Chase, Esq.
Bressler, Amery & Ross
325 Columbia Turnpike
Florham Park, NJ 07932

Leonard A. Bellavia, Esq.
John Ciulla, Esq.
Bellavia & Kassel, P.C.
200 Old Country Road, Suite 400
Mineola, NY 11501

Irvin M. Freilich, Esq.
Robertson, Freilich, Bruno & Cohen, L.L.C.
1 Riverfront Plaza, 4th Floor
Newark, NJ 07102

Stephen N. Dermer, Esq.
Lowenstein Sandler, P.C.
65 Livingston Avenue
Roseland, NJ 07068-1791

Peter Efros, Esq.
John W. Wopat, III, Esq.
Efros & Wopat
130 Maple Avenue, Suite l0B
P.O. Box 534
Red Bank, NJ 07701

Jay Friedrich, Esq.
Gallo Geffner Fenster, P.C.
Country Club Plaza
West 115 Century Road
Paramus, NJ 07652

**NOT FOR PUBLICATION**

Robert J. Kipnees, Esq.
Greenbaum, Rowe, Smith, Ravin, Davis & Himmel
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095

Charles T. Locke, III, Esq.
Locke & Herbert
1114 Avenue of the Americas, 40th Floor
New York, NY 10036

Thomas Madden, Esq.
Hack, Piro, O'Day, Merklinger, Wallace & McKenna
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ 07932

Martin G. Margolis, Esq.
The Margolis Law Firm, P.A.
Sixty Pompton Avenue (Route 23)
Verona, NJ 07044

Michael McLaughlin, Esq.
Wasserman, Jurista & Stolz
225 Millburn Avenue, Suite 207
P.O. Box 1029
Millburn, NJ 07041

Michael Morea, Esq.
Cole, Schotz, Meisel, Forman & Leonard P.C.
Court Plaza North, 4th Floor
25 Main Street
P.O. Box 800
Hackensack, NJ 07602

Frederick Newman, Esq.
Salamon, Gruber, Newman & Blaymore, PC
97 Powerhouse Road
Roslyn Heights, NY 11577

John A. Adler, Esq.
Heliring Lindeman Goldstein & Siegal LLP

**NOT FOR PUBLICATION**

One Gateway Center
Newark, NJ 07102

Raymond A. Peck, Esq.
35 Montauk Highway
Southampton, NY 11968

Stephen G. Phillips, Esq.
Watson Enterprises Incorporated
261 West Putnam Avenue
Greenwich, CT 06830

Robert B. Nussbaum
Saiber, Schlesinger Satz & Goldstein, LLC
One Gateway Center, 13th Floor
Newark, NJ 07102-5311

Jonathan S. Feinsilver, Esq.
Jonathan S. Feinsilver, P.C.
292 Fifth Avenue, 4th Floor
New York, NY 10001

Patrick M. Reilly, Esq.
DelBello, Donnellan, Weingarten,
Tartaglia, Wise & Wiederkehr, LLP
One North Lexington Avenue
White Plains, NY 10601

Michael G. Santangelo, Esq.
Servino, Santangelo & Randazzo, LLP
151 Broadway
Hawthorne, NY 10532

John S. Siffert, Esq.
Lankier Siffert & Wohi LLP
500 Fifth Avenue, 33rd Floor
New York, NY 10110-3398

Franklyn C. Steinberg III, Esq.
Law Offices of Franklyn C. Steinberg III
One Lamington Road
Somerville, NJ 08876

**NOT FOR PUBLICATION**

David S. Stone, Esq.
Boies Schiller & Flexner
150 JFK Parkway
Short Hills, NJ 07078

Gordon C. Strauss, Esq.
116 Village Boulevard, Suite 200
Princeton, NJ 08540

David M. Taus, Esq.
Francis J. DeVito, P.C.
661 Main Street
Hackensack, NJ 07601

Charles Caranicas, Esq.
Vedder, Price, Kaufman & Kammholz
354 Eisenhower Parkway, Plaza II
Livingston, NJ 07039-1023

Laurence B. Orloff, Esq.
Orloff, Lowenbach, Stifelman & Siegel
101 Eisenhower Parkway
Roseland, NJ 07068

Richard S. Mazawey
1135 Broad Street, Suite 211
Clifton, NJ 07013

H. Laddie Montague, Jr.
Bart D. Cohen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Robert C. Chapin, Esq.
Pollock Montgomery & Chapin
2460 Lamington Road
P.O. Box 1013
Bedminster, NJ 07921

**NOT FOR PUBLICATION**

Morvillo Abramowitz Grand
Jason & Silberberg, P.C.
565 5th Avenue
New York, NY 10017

C. Robert Clemensen, Esq.
609 N. Broadway
Upper Nyack, NY 10960